UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ARDELL SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>PELICAN BAY STATE PRISON;<br>*et al.*,<br><br>    Defendants.<br>_____/ | No. C-14-2162 EMC (pr)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS TIME-BARRED** |

## I.  INTRODUCTION

Plaintiff, formerly an inmate of the State of California and now living in Sacramento, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983.  His complaint alleges claims based on events and omissions that occurred in 1995-1997 at Pelican Bay State Prison.  The Court will require Plaintiff to address the apparent untimeliness of his claims before considering whether the action should proceed any further.

## II.  DISCUSSION

Although Plaintiff has been incarcerated in the past, he apparently was not incarcerated at the time of filing of this action.  This action therefore is not governed by 28 U.S.C. § 1915A, which applies only to actions filed by prisoners.  This action is, however, subject to the non-prisoner provisions of 28 U.S.C. § 1915 because Plaintiff has applied to proceed *in forma pauperis*.  Under the latter provision, notwithstanding any filing fee or any portion thereof that may have been paid, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious, [or] fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is now two years, and the statute of limitations period for § 1983 claims is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See Elliott*, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only for a plaintiff who is in prison "for a term less than for life" and is under the disability at the time the cause of action accrues. *See* Cal. Civ. Proc. Code § 352.1.

The limitations period may be subject to equitable tolling. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court.

Although the statute of limitations is an affirmative defense that normally may not be raised

2

by a court sua sponte, it may be grounds for sua sponte dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint because this action was filed more than seventeen years after the acts and omissions alleged in the complaint occurred.

Plaintiff must file a response to this order, showing cause why the action should not be dismissed as time-barred. Of course, Plaintiff is not limited to arguing only equitable tolling – he may submit any argument he has to show that the statute of limitations does not bar this action.

### III.   CONCLUSION

The complaint appears to be time-barred. Plaintiff must file a written response no later than **June 13, 2014** showing cause why this action should not be dismissed as barred by the statute of limitations. Failure to file the response by the deadline will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: May 16, 2014

_____
EDWARD M. CHEN
United States District Judge

3